IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY NIXON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-1823-K |
| | ) | |
| GMAC MORTGAGE CORP., | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.    Factual background:**

Plaintiff filed this complaint alleging breach of a settlement agreement. Plaintiff alleges he entered a settlement agreement with Defendant GMAC Mortgage, Inc., to voluntarily dismiss all claims against Defendant in return for three million dollars. Plaintiff argues that Defendant breached this agreement.

**III.   Discussion:**

   **A.    Screening**

The terms of 28 U.S.C. § 1915(e)(2)(B)(i) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989). A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986).

    B.    **Claims**

Plaintiff contends that he entered an enforceable settlement agreement with Defendant. He attached a copy of the alleged agreement to his complaint. In response to the Magistrate Judge's Questionnaire seeking all terms of the alleged contract, Plaintiff refers only to the attachments to the complaint. The alleged settlement agreement states:

> Three million to settle lawsuit and all appeals. Pay to Tracy Nixon to drop any further action against GMAC Mortgage.

Respectfully submitted,

(Signature of Plaintiff)

                              Offer received: 10/5/08
                              (Signature of Robert S. Alcorn)
                              Robert S. Alcorn

Under Texas law, the requirements of a valid contract are: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Hubbard v. Shankle*, 138 S.W.3d 474, 481 (Tex. App. – Ft. Worth 2004, pet. denied) citing *Labor Ready Cent. III, L.P. v. Gonzales*, 64 S.W.3d 519, 522 (Tex. App. – Corpus Christi 2001, no pet.).

In this case, Plaintiff has failed to show any evidence of a valid contract. The documents attached to the complaint show that Plaintiff made an offer to Defendant. He has failed to show the offer was accepted, that Defendant consented to the terms of the contract or that Defendant intended the document to be mutual and binding. Plaintiff's complaint should be dismissed as frivolous.

**RECOMMENDATION:**

The Court recommends that this case be dismissed with prejudice as frivolous.

Signed this 22nd day of February, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).